**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                          No. 4:10CR00208-01 JLH

NICOS NICOLAOU                                                             DEFENDANT

**<u>ORDER</u>**

The defendant Nicos Nicolaou is charged with a two count felony indictment for possession of cocaine and possession of crack cocaine.  On October 11, 2010, Nicolaou filed a motion to suppress evidence procured in a traffic stop and search of his residence.  He also filed a motion for the disclosure of the identity and address of a confidential informant who was involved in and a witness to the traffic stop.  After two continuances, a suppression hearing was scheduled for March 1, 2011.  On February 23, 2011, Nicolaou filed a third motion to continue the suppression hearing on the grounds that the government had not yet disclosed the identity of the confidential informant and such information was necessary to  adequately prepare for the hearing.  On March 1, 2011, the Court heard arguments on the motion for disclosure and motion for continuance.  The government offered to produce redacted *Giglio* information[1] to the defendant in advance of the suppression hearing but asked that the confidential informant's identity remain private for safety reasons.  Nicolaou argued that the identity of the informant should be disclosed prior to the suppression hearing because of the material role the informant played in the traffic stop and his subsequent arrest.

_____

[1]"Under *Giglio v. United States*, 405 U.S. 150, 153-55, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), the government must disclose matters that affect the credibility of prosecution witnesses."  *United States v. Morton*, 412 F.3d 901, 906 (8th Cir. 2005).  "[F]or example, a defendant is entitled to know of a promise to drop charges against a key witness if that witness testifies for the government."  *Id.*

1

After hearing from the parties, the Court continued the suppression hearing to Friday, April 1, 2011, and, over Nicolaou's objection, ordered the government to produce redacted *Giglio* information to the defendant by Monday, March 28, 2011.

It is true that, as Nicolaou contends, the scope of the informer's privilege is limited: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *United States v. Roviaro*, 353 U.S. 53, 60-61, 77 S. Ct. 623, 628, 1 L. Ed. 2d 639 (1957).   In the Eighth Circuit,

> [t]he defendant has the burden of showing that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. *United States v. Fairchild,* 122 F.3d 605, 609 (8th Cir.1997). The defendant can meet his burden by showing that disclosure is relevant and helpful to his defense, or essential to a fair trial. *United States v. Lapsley,* 263 F.3d 839, 841 (8th Cir.2001).

*United States v. Crenshaw*, 359 F.3d 977, 1005 (8th Cir. 2004); *see also United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006) ("To obtain disclosure, [the defendant] had the burden of showing that disclosure would have been material and helpful to his case."); *United States v. Lapsley*, 334 F.3d 762, 763-64 (8th Cir. 2003) (applying the same test).

> While there is no litmus test for determining when disclosure is required, we have held that perhaps the most important factor for a court in this circumstance to consider is whether the [informant]'s information is material to the defense. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."

*Lapsley*, 334 F.3d at 764 (internal citations omitted); s*ee also United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002) (determining that the defendant must provide evidence of how the informant's contact information is material to the underlying question of guilt or innocence).  "[I]f the informant

is an active participant in the conduct charged, the informant's identity is 'almost always' material and thus the government must 'make every reasonable effort to have the informant made available to the defendant.' " *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005) (internal citations omitted).

While there is evidence to suggest that confidential informant's identity may be material to Nicolaou's defense at trial, there is nothing to suggest that the informant's identity should be disclosed prior to the suppression hearing, "where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake." *McCray v. Illinois*, 386 U.S. 300, 311, 87 S. Ct. 1056, 1062, 18 L. Ed. 2d 62 (1967). As the Supreme Court stated in *McCray v. Illinois*:

> The [test laid out in *Roviaro*] involved the informer's privilege, not at a preliminary hearing to determine probable cause for an arrest or search, but at the trial itself where the issue was the fundamental one of innocence or guilt. . . .
>
> . . . .
>
> What Roviaro thus makes clear is that this Court was unwilling to impose any absolute rule requiring disclosure of an informer's identity even in formulating evidentiary rules for federal criminal trials. *Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake.* Indeed, we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant. . . .
>
> *In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search.* Yet we are now asked to hold that the Constitution somehow compels Illinois to abolish the informer's privilege from its law of evidence, and to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. The argument is based upon the Due Process Clause of the Fourteenth Amendment, and upon the Sixth Amendment right of confrontation, applicable to the States through the Fourteenth Amendment. *Pointer v. State of Texas*, 380 U.S. 400, 85 S. Ct. 1065,

13 L. Ed. 2d 923. We find no support for the petitioner's position in either of those constitutional provisions.

The arresting officers in this case testified, in open court, fully and in precise detail as to what the informer told them and as to why they had reason to believe his information was trustworthy. Each officer was under oath. Each was subjected to searching cross-examination. The judge was obviously satisfied that each was telling the truth, and for that reason he exercised the discretion conferred upon him by the established law of Illinois to respect the informer's privilege.

*Id.* at 309-13, 87 S. Ct. at 1061-63 (footnotes omitted) (emphases added). "Although *Roviaro* established a standard for disclosing the identity of an informant at trial, the Court subsequently distinguished the application of that standard in cases involving the disclosure of informants at pretrial hearings." *People v. Vauzanges*, 158 Ill.2d 509, 518, 634 N.E.2d 1085, 1089 (Ill. 1994). "In recent years, the Supreme Court has continued to support the position that due process does not mandate the disclosure of an informant's identity at a pretrial suppression hearing." *Id.* at 519, 634 N.E.2d at 1090.

Here, as in *McCray*, the identity of the confidential informant is not essential to a probable cause determination at a suppression hearing. Thus, Nicolaou is not entitled to the identity of the confidential informant prior to the suppression hearing.

Nicolaou's motion to continue the suppression hearing is GRANTED. The suppression hearing is scheduled for 9:00 a.m. on Friday, April 1, 2011, in Courtroom #4-D, Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas, before the Honorable J. Leon Holmes, United States District Judge. Document # 24.

The motion for disclosure of the identity and address of the confidential informant is DENIED. The government is ordered to produce redacted *Giglio* information on the confidential informant to the defendant by Monday, March 28, 2011. The government may redact from the

information the identity and address of the confidential informant, as the defendant is not entitled

to that information at this time.  Document #8.

IT IS SO ORDERED this 2nd day of March, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT